IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| **DJUANA JERVEY,** | * | |
| **Plaintiff,** | * | |
| v. | * | Civil Case No.: RDB -05-CV-488 |
| **ATLANTIC NATIONAL TRUST, LLC** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER

Defendant, Atlantic National Trust, LLC ("Atlantic"), by its attorneys, Troy C. Swanson and Cohen & Swanson, P.C., hereby answers Plaintiff's Complaint as follows:

1. Defendant admits the allegations in paragraph 1 that Plaintiff resides in Delaware. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint and therefore the remaining allegations contained therein are denied.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint and therefore the allegations contained therein are denied.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint and therefore the allegations contained therein are denied.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore the allegations contained therein are denied.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore the allegations contained therein are denied.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and therefore the allegations contained therein are denied.

7. Defendant admits that Plaintiff contacted Defendant about negotiating the satisfaction of liens held by Defendant. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint and therefore the remaining allegations contained therein are denied.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant incorporates paragraphs 1 through 11 of its answer in answering paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant incorporates paragraphs 1 through 15 of its Answer in answering paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Claims are barred by the failure of a condition precedent.

2. Plaintiff fails to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred by judicial estoppel.

4. Plaintiff does not have standing to bring the action.

5. Plaintiff's claims are barred under the doctrine of promissory estoppel.

6. Plaintiff's claims are barred under the doctrine of *in pari dilecto*.

7. Plaintiff's claims are barred under the doctrine of unclean hands.

8. Plaintiff's claims are barred by fraud.

9. Plaintiff's claims are barred by bankruptcy fraud.

10. Plaintiff's claims are *void ab initio*.

11. Plaintiff's claims violate 11 U.S.C. §362.

12. Plaintiff's claims are barred by negligent misrepresentation.

13. Plaintiff's claims are barred by Constructive Fraud.

14. Plaintiff's claims are moot.

15. Plaintiff's claims are barred by the doctrine of res judicata.

Alternatively, Plaintiff raises the following affirmative defenses.

16. Plaintiff's claims are barred by breach of contract.

17. Plaintiff's claims are barred by mutual mistake.

**WHEREFORE**, Defendant requests that this Court deny the relief requested and enter judgment in favor of Defendant, and against Plaintiff for Costs and for other just and proper relief.

        /s/ Troy C. Swanson
        Troy C. Swanson, Bar No. 05806
        Cohen & Swanson, P.C.
        1220 East Churchville Road.
        Suite 300
        Bel Air, MD 21014
        (410) 420-0700

        Attorneys for Defendant
        Atlantic Trust, LLC

## CERTIFICATE OF SERVICE

I, Troy C. Swanson, certify that on this 22nd day of February 2005, I served the foregoing Answer via UNITED STATES FIRST CLASS MAIL, POSTAGE PREPAID to:

Jeffrey P. Nesson
11421 Reisterstown, Road
Owings Mills, MD 21117
Attorney for Plaintiff

        /s/ Troy C. Swanson
        Troy C. Swanson